This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Plaintiff-appellee Schulhoff Equipment Rental Sales ("Schulhoff") rents various tools and equipment to businesses and individuals. In June 2001, William Banker rented a generator from Schulhoff under the name Spring Grove Associates. Payments were made for a while, and then three checks were returned from the bank when presented. Further payments were not made. When payments stopped, Schulhoff picked up the generator. The remaining amount due on the rental at that time was $4,185.57. Schulhoff filed suit against Banker personally. The evidence at trial was that Banker had signed the contract and had made payments. At issue was Banker's claim that he had rented the generator in the corporate name and not personally. After a trial to the court, judgment was granted in the amount requested against Banker.
In his sole assignment of error, Banker now claims that he should not have been held personally liable for the debt, as the generator was rented in the name of a corporation. The assignment of error is not well taken.
Banker admitted that he had rented the generator and had made the payments, but stated that he had done so on behalf of Spring Grove Associates. Spring Grove Associates, a corporation, was dissolved in August 1999. The transaction in question took place in June 2001. Banker contends that a corporation may wind up its affairs even after it is dissolved. But R.C. 1701.88 states that the winding up of affairs must be done speedily and only with regard to ongoing activities of the corporation. In this case, the transaction took place almost two years after the dissolution, and it was clear from the evidence that the rental of the generator had nothing to do with the prior activities of the corporation. The trial court concluded that the transaction in question was not an activity of the dissolved corporation but that of Banker himself. When there is competent, credible evidence to support the trial court's findings, this court will not disturb its judgment.[1] We hold that the judgment of the trial court was clearly supported by credible evidence at trial and thus affirm.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Sundermann, JJ.
[1] Faber v. Queen City Terminals, Inc. (1994),93 Ohio App.3d 197, 638 N.E.2d 115.